# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHY ANNE KLEIMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:13-cv-01188-TWP-MJD |
| CAROLYN W. COLVIN, | ) |
| Defendant. | ) |

## ENTRY ON MOTION TO DISMISS

This matter is before the Court on the Commissioner of the Social Security Administration Carolyn Colvin's ("Commissioner") Motion to Dismiss the claimant's, Kathy Anne Kleiman ("Ms. Kleiman"), complaint for judicial review (Filing No. 13). For the reasons explained below, the Motion must be **GRANTED**.

## I. BACKGROUND

Ms. Kleiman filed an application for disability insurance benefits in June 2012. Her application was denied initially on August 23, 2012, and again upon reconsideration on November 19, 2012. As is standard, the notice of reconsideration informed Ms. Kleiman that she could request a hearing, but must do so no later than 60 days after receiving the notice. Ms. Kleiman requested a hearing on March 8, 2013, well past the 60 day requirement. Her request was denied on March 15, 2013, on grounds that she did not file a timely request and had not shown good cause for the failure. Ms. Kleiman then filed her Complaint in this Court on July 25, 2013.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the party asserting jurisdiction. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). In determining whether subject matter jurisdiction exists, the court must accept all well-pleaded facts alleged in the complaint and draw all reasonable inferences from those facts in the plaintiff's favor. *Id.* "A document filed *pro se* is to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but a complaint as a whole must reveal a proper basis for jurisdiction. *See Loss v. Blankenship*, 673 F.2d 942, 950 (7th Cir. 1982).

## III. DISCUSSION

Subject matter jurisdiction is vested in this Court to review claims arising under the Social Security Act in 42 U.S.C. § 405(g). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision." Further, the Commissioner's regulations set forth that the dismissal of a hearing request is binding, thus not subject to judicial review. 20 C.F.R. § 404.959. *See Califano v. Sanders*, 430 U.S. 99, 108 (1977) (stating that judicial review of Social Security actions are clearly limited "to a particular type of agency actions, a 'final decision of the Secretary made after a hearing'"); *Watters v. Harris*, 656 F.2d 234, 238–39 (7th Cir. 1980) ("[R]efusals to extend administrative deadlines for requesting a hearing before an ALJ are not reviewable under Section 405(g)").

Here, the Court does not have subject matter jurisdiction over Ms. Kleiman's Complaint because there has not been a reviewable final decision made after a hearing. The Court is unable to review the denial of her request for a hearing. Therefore, the Motion must be **GRANTED.**

## IV. **CONCLUSION**

For the reasons stated above, the Commissioner's Motion to Dismiss (Filing No. 13) is **GRANTED** and the Complaint is **DISMISSED**.

**SO ORDERED.**

Date: 06/24/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kathy Anne Kleiman
6500 W. U.S. 52
New Palestine, Indiana 46163

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov